```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


INDUSTRIAL DIESEL SERVICE,                CIVIL ACTION
L.L.C.


VERSUS                                    NO: 12-2700


A3D MARINE TRANSPORTS,                    SECTION: "J"(3)
L.L.C., RODAN MARINE
SERVICES II, LLC in personam
and the M/V EMILY ANN, her
engines, tackle, furniture,
equipment, apparel,
appurtenances, etc. in rem
```

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss Without Prejudice or Stay the Proceedings **(Rec. Doc. 6)**. Plaintiff has opposed Defendants' Motion (Rec. Doc. 10). The motion was set for hearing on the briefs on Wednesday, January 2, 2013. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds that Defendants' Motion should be **DENIED** for reasons expressed more fully below.

On November 6, 2012, Plaintiff, Industrial Diesel Service, L.L.C. ("Industrial Diesel") filed the instant maritime lien action against Defendants, Rodan Marine Services II, LLC ("Rodan Marine") and A3D Marine Transports, L.L.C. ("A3D Marine") *in personam* and the M/V EMILY ANN, her engines, tackle, furniture, apparel, equipment, and appurtenances *in rem*. (Rec. Doc. 1) In its

complaint, Plaintiff alleged that: (1) Defendants contracted with Industrial Diesel for repairs, services, engines and/or parts for the M/V EMILY ANN between August 4, 2011 and May 4, 2012, (2) Industrial Diesel supplied the services, engines and parts to Defendants and the M/V EMILY ANN in a workmanlike manner, and submitted invoices to Defendants in the amount of $44,799.62, retaining ownership of the engine(s) and/or parts until payment was received, (3) Defendants breached their contract by failing to fulfill their obligations to Industrial Diesel, and (4) the Defendants and M/V EMILY ANN are indebted to Industrial Diesel for the services, engine(s) and/or part(s) in the principal amount of $44,799.62 plus interest and costs. (Rec. Doc. 1)

    On November 14, 2012, approximately one week after Industrial Diesel filed this action, A3D Marine, one of the Defendants in this maritime lien action, filed suit in the 17th Judicial District Court for the Parish of Lafourche naming Industrial Diesel as a defendant. (Rec. Doc. 10-1) In its state lawsuit, A3D Marine alleged that Industrial Diesel performed faulty repair work on the M/V EMILY ANN. Specifically, A3D Marine alleges that it hired Industrial Diesel to perform repair work on the M/V EMILY ANN's port main engine in July of 2011, and later discovered that the port main engine was causing excessive oil consumption, the same problem that Industrial Diesel had rebuilt the engine to correct. (Rec. Doc. 10-1) A3D Marine further alleged that on November 15,

2011, Industrial Diesel was called onboard the M/V EMILY ANN because the port main engine was smoking and informed A3D Marine that there was a problem with the blower. (Rec. Doc. 10-1) According to A3D Marine, Industrial Diesel did not have a replacement blower, so an entity known as Force Power Systems came aboard the vessel the next day to repair the engine. (Rec. Doc. 10-1) During the inspection of the port main engine, a Force Power Systems employee allegedly discovered that a rag or t-shirt with the name "Industrial Diesel Services" written on it was stuck inside the engine. (Rec. Doc. 10-1)

In the instant motion, Defendants, Rodan Marine and A3D Marine, seek to dismiss Plaintiff's federal complaint on the basis of: (1) purported pre-existing "lis pendens" state court litigation between the same parties arising out of the same facts and circumstances, (2) judicial economy, and (3) the public policy embodied in Rule 1 of the Federal Rules of Civil Procedure favoring the just, speedy, and inexpensive resolution of litigation.

The Court finds that Defendants' motion is meritless. As Plaintiff points out, Defendants have filed a Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, but argue that lis pendens requires the dismissal or stay of this federal action. Lis pendens is a state court defense, provided by Article 925(A)(3) of the Louisiana Code of Civil Procedure, not one of the enumerated defenses in Rules 12(b) of the Federal Rules of

Civil Procedure. Thus, Defendants' motion is procedurally incorrect.

Moreover, even if the Court were to apply the state court lis pendens defense, which the Court finds to be inappropriate, that defense would more likely result in the dismissal of the state litigation. The lis pendens defense allows for the dismissal of the *later-filed* suit when all three of the following requirements are satisfied: (1) two or more suits are pending in Louisiana courts; (2) the suits are related to the same transaction or occurrence; and (3) the suits involve the same parties in the same capacities. Dunn v. City of Kenner, 08-690 (La. App. 5 Cir. 04/28/09); 13 So. 3d 593, 595. Defendants' assertion that there was pre-existing state court litigation when Plaintiff filed the instant federal suit is factually incorrect. A3D Marine's state court suit *was* the later-filed suit.[1] Thus, if the lis pendens defense were applicable, which it is not, it would permit the dismissal of A3D Marine's later-filed state suit, not the instant suit.

Moreover, in addition to the fact that lis pendens is not a defense provided by Rule 12(b), it does not apply in this case for the additional reason that only one of the requirements - the requirement that the suits be related to the same transaction or occurrence - is satisfied in this case. This case does not involve

---

[1] The instant suit was filed on November 6, 2012. (Rec. Doc. 1) The state suit was filed on November 14, 2012. (Rec. Doc. 10-1)

two or more suits pending in Louisiana courts; it involves parallel state and federal proceedings. Also, the parallel state and federal suits do not involve the same parties in the same capacities, because Rodan Marine and the M/V EMILY ANN, parties to the federal suit, are not parties to A3D Marine's state suit.

Defendants suggest that Rule 1 of the Federal Rules of Civil Procedure provides this Court with the authority to stay or dismiss the instant litigation. Rule 1 generally provides that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Clearly, Rule 1 provides no specific guidance on the action a federal court should take when there are parallel state and federal proceedings and does not authorize a stay or dismissal of the instant proceedings. Thus, the Court finds that Defendants have failed to provide the Court with any authority for the requested relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Without Prejudice or Stay the Proceedings **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana this 9th day of January, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE